514

KATHLEEN SCHUMY, PLAINTIFF, v.
DENNIS CREMER, DEFENDANT.

District Court Burlington County
Small Claims Division

May 10, 1978.

*Ms. Kathleen Schumy,* appearing *pro se.*

*Messrs. Lewis, Siegel, Wood & Needell* for defendant (*Mr. Thomas E. Brown* appearing).

WELLS, J. C. C. May the standard set of interrogatories set forth in Forms C, D, or E of the Appendix to the *Rules of Court* be propounded in motor vehicle property damage actions filed in the small claims division? See *R.* 6:4–3(a). That is the question posed in this action filed by plaintiff, *pro se,* for property damage in the sum of $392. arising out of an automobile accident.

Upon service of the complaint defendant's attorney tendered an answer for filing, as permitted by *R.* 6:3–1(4), containing a demand that plaintiff answer the Form D interrogatories. *R.* 6:4–3(b). The court ruled *ex parte* that such a demand was not permitted in a small claims case and returned the answer. However, when counsel pressed the point the court directed argument on the record on the day originally scheduled for trial.

The problem arises because of the peculiar grammatical construction of *R.* 6:4–3(a) which reads:

*Except as otherwise provided by R. 6:4–3(b)* interrogatories may be served pursuant to the applicable provisions of R. 4:17 in all actions *except * * * actions within the jurisdiction of the small claims division * * *.* [Emphasis supplied]

Since *R.* 6:4–3(b) specifically applies to automobile negligence cases defendant argues that the first "except" clause states a general exception for such cases in the matter of interrogatories regardless of where filed. He points to the rule permitting an answer to be filed in this kind of case and reasons that the policy behind so doing also justifies permitting discovery by interrogatory as well.

In *Pressler, Rules Governing the Courts of the State of New Jersey* (1977 ed.), the comment to *R.* 6:4–3(a) states:

1. Paragraph (a), which derives from R. R. 7:6–4, follows that rule as amended December, 1968, to prohibit interrogatories in motor

vehicle property damage actions where the recovery sought does not exceed $200.00, whether or not there is a small claims division in the county and whether or not the action is pending in a small claims division. See *N. J. S.* 2A:6–43, amended by P. L. 1968, c. 237.

*R. R.* 7:6-4, prior to the revision Judge Pressler mentions, read:

Interrogatories may be had pursuant to applicable provision of Rule 4:23 [now 4:17] in all proceedings, except small claims proceedings. * * *.

The court is satisfied that *R.* 6:4-3(a) intends to prohibit interrogatories in all small claims actions regardless of the amount of the claim.[1] The whole purpose of the small claims division is to provide a forum for *pro se* litigants that is quick, procedurally simple and relatively inexpensive. The usual small claim is processed within a month. But even in auto negligence cases, when an answer is permitted the trial can usually be held the month after filing. If interrogatories are permitted, time frames would expand and complexities begin to abound since the entire panoply of rules attendant upon the service of interrogatories would have to follow. Thirty days additional would be allowed to answer; motions could be made directed to the sufficiency of answers and for failure to answer. Attempted restoration of a complaint would require the $25. sanction. Not only would the *pro se* litigant be confused and frustrated by these procedures, he would not himself as a layman be schooled in the affirmative use of interrogatories: he would not demand in his complaint that the Form E questions be answered or know how to ask for an extension of time to

---

[1]Regardless of the Comment's reference to the figure of $200, there is clearly no basis in the text of the rule itself for any distinction in the matter of interrogatories based on the amount of the claim. The comment is clearly based on the former jurisdictional amount of the small claims court which was raised, effective May 1, 1975, to $500 by *L.* 1975, *c.* 72, § 1; *N. J. S. A.* 2A:6–43.

answer those asked of him. In short, the entire matter of interrogatories in small claims cases would be a one-sided tool for delay rather than a realistic technique of discovery. As plaintiff here at argument pointed out, she had already given much information to defendant's carrier, a situation which would not be uncommon. The prejudice to defendant is minimal, particularly when balanced against the violation of the basic spirit of the small claims court.

The fact that an answer may be filed herein does not suggest interrogatories should also be allowed. In fact, an answer affirmatively aids the plaintiff since he is thus on notice that his own driving conduct may be in issue. See, *Pressler, supra,* Comments to *R.* 6:2–1 at 980, and to *R.* 6:3–1 at 985.

What, then, of the first "except" clause in *R.* 6:4–3(a)? What does it mean? Properly read the clause merely modifies the words it precedes. The rule might be put:

Interrogatories may be served pursuant to the applicable provisions of R. 4:17 [except as regards automobile negligence cases, see R. 6:4–3(b)] in all actions, except * * * actions within the jurisdiction of the small claims division * * *,

Thus the first "except" clause refers only to the exceptional *manner* in the county district court by which interrogatory answers are demanded in auto cases, *i.e.,* by demand in the initial pleading and by reference to the interrogatory forms — as contrasted with the *R.* 4:17 practice and with other kinds of civil actions.

For the reasons stated no interrogatories will be permitted. An answer may be filed in ten days and the trial scheduled promptly thereafter.